UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 14-CV-60435-WJZ

JAIME ESCARRIA, and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiff,

vs.

USA TRANSPORTER SERVICES, INC.,
And JEANNETTE CARDENAS, individually

    Defendants.
_____/

### SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

Plaintiff, Jaime Escarria ("Plaintiff"), on his own behalf, and Defendants, USA Transporter Services, Inc., and Jeannette Cardenas ("Defendants"), hereby agree upon this Settlement Agreement and Mutual General Release ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

1. Defendants do not admit, but rather, specifically deny, liability to Plaintiff, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiff in the above-entitled cause. Plaintiff represents and warrants that he knows of no other person who expressed a desire or intent to opt-into, or join, this action or file a similar claim against Defendants or any related entity, who has not already filed such a claim.

2. Defendants agrees to pay, and Plaintiff and his attorney agree to accept, the total sum of Fifteen Thousand and Five Hundred Dollars and 00/100 ($15,000.00) to be paid as set forth below, and other good and valuable consideration as described below in exchange for a full and final release of all claims that were or could have been brought in the above-styled action as well as any claims that were or could have been brought through the Equal Employment Opportunity Commission. More specifically, Plaintiff agrees to immediately dismiss Equal Employment Opportunity Commission charge number 510-2014-03724 brought against USA Transporter Services, Inc. Additionally, in exchange for such

consideration Plaintiff and Defendants hereby remise, acquit, release, satisfy and discharge, on their own behalf (and on behalf of anyone who could claim by and through them, including their attorney), their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs, estates, personal representatives and legal representatives, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which either Party ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, might have been asserted or could have been asserted in the above-numbered and titled lawsuit. The Release includes, but is not limited to:

  a. Any and all claims for damages, salary, wages, compensation, overtime compensation, monetary relief, employment, benefits, including but not limited to any claims for benefits under an employee benefit plan or any retirement plan, profit-sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, back-pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorneys' fees, and costs arising from Plaintiff's employment or otherwise.

  b. Any and all claims growing out of, resulting from, related to, or connected in any way to Plaintiff's relationship and/or employment, and the termination/separation thereof, with Defendants and Plaintiff, including but not limited to any and all claims for wages,

discrimination, harassment of any kind, retaliation, unequal pay, whistle-blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974, as amended, torts of all kind, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, workers' compensation retaliation, interference with an advantageous business relationship, negligent hiring, negligent retention, discrimination, claims or rights under state and federal whistle-blower legislation, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stats., and the Fair Labor Standards Act, as amended, Chapter 448 et. Seq., Florida Statutes, and any other claim of any kind.

    c.    A waiver by Plaintiff of any rights of action and administrative and judicial relief which Plaintiff might otherwise have available in the state and federal courts arising from Plaintiff's relationship or employment with Defendants or Releasees, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations.

    3.    As part of this Agreement and a result of the payments to be made to Plaintiff by Defendants through this Agreement, Plaintiff agrees that he has now been paid for all hours worked and overtime compensation while employed by Defendants and agrees that Defendants (and Releasees) do not owe Plaintiff any other monies with regard to compensation associated for hours worked or for any other reason.

    4.    As part of this Agreement, Plaintiff specifically waives any present and future claim for reinstatement or employment with Defendants, Releasees or their subsidiaries or related entities at any time in the future. The parties hereto specifically recognize that substantial questions of fact and law exist as to any possible claim or claims (legal, equitable or otherwise) by Plaintiff and therefore, as part of this

Settlement, Plaintiff further specifically agrees, as a condition of Plaintiff's receipt and retention of the sums provided for herein, not to seek employment with Defendants/Releasees or any of Defendants' subsidiaries or related entities at any time in the future and not to discuss their claims and the issues related thereto with any current or former employee of Defendants/Releasees or any related entity. Defendants/Releasees are under no obligation or duty to consider Plaintiff for re-employment in the future. Defendants, for their part, shall provide Plaintiff with a neutral employment reference and upon inquiry shall confirm Plaintiff's dates of work and rate(s) of pay, but without reference to any claim asserted by him, this lawsuit, nor the resolution thereof.

5.  The Parties further agree that the Court may dismiss, with prejudice, the above-styled lawsuit, which is pending in the United States District Court for the Southern District of Florida, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void and Defendants shall be entitled to return by Plaintiff of all sums paid by Defendants hereunder.

6.  Plaintiff covenants and agrees that Plaintiff has and will continue to maintain in strict confidence the terms of this Agreement and shall not disclose such terms or conditions to any person, though Plaintiff may provide this Agreement to Plaintiff's attorney, provided Plaintiff instructs each attorney and obtain from them their agreement to maintain the confidentiality provided herein. Plaintiff further agrees that neither Plaintiff nor Plaintiff's present or future representatives, attorneys, or agents shall issue any publicity release or otherwise publicize, communicate, reveal or give out in any manner Plaintiff's claims and the issues arising from those claims, or the terms of this Agreement, except as necessary in the course of preparing benefit or tax documents, except in legal proceedings based on the terms and provisions hereof and except to Plaintiff's legal counsel and any financial advisor or accountant, provided such individuals are instructed and obligated thereby to maintain such terms in strict confidence to the same degree as Plaintiff and provided any disclosure by Plaintiff shall be attributable to and the responsibility of Plaintiff hereunder. Plaintiff agrees that the filing of this Agreement for

approval by the Court does not relieve Plaintiff of any obligation under this Paragraph. Plaintiff further agrees that they shall not defame, disparage, or impugn Defendants at any time to any person or entity. Plaintiff agrees not to voluntarily assist any future claimants against Defendants in any manner, including, but not limited to, testifying in support of any such claims, speaking with their attorneys regarding any such claims, or giving any written or verbal declarations regarding any such claims, unless compelled by the court.

7.  It is further agreed and understood that Defendants shall mail the settlement proceeds via Federal Express to Zandro E. Palma, P.A., Plaintiff's attorney in three installments, as follows:

(a) Within 10 days of the Court's approval of the settlement, one check to Mr. Palma for Five Thousand Dollars ($5,000.00).

(b) Within 30 days of the first payment, one check to Mr. Palma for Five Thousand Dollars ($5,000.00).

(c) Within 30 days of the second payment, one check to Mr. Palma for Five Thousand Dollars ($5,000.00).

Defendants have also agreed to pay the full costs of mediation, which have already been paid prior to the execution of this Agreement. Plaintiff's counsel represents that the payment breakdown is as follows: Plaintiff, Jaime Escarria will receive $7,500.00 and Plaintiff's Counsel, Zandro E. Palma, P.A., will receive $7,000.00 as fees and $500.00 as costs. Defendants' have no knowledge as to the fee agreement between Plaintiff and their counsel.

8.  Plaintiff agrees to assume full responsibility for and to hold Defendants harmless for the payment of any federal, state, or local taxes with respect to the monies paid in Paragraph 7, and Plaintiff shall be responsible for, hold Defendants harmless for and/or reimburse Defendants, for any and all taxes, including any interest or penalty assessed by any taxing entity against Defendants, but excluding the employer portion of any FICA tax, that may be determined to be owed thereon. Plaintiff agrees to pay any such taxes owed by Plaintiff, and, acknowledges that Defendants will issue one or more Form 1099s in connection with the above-referenced payments.

9. In consideration of the monies and other good and valuable consideration provided for herein, Plaintiff represents and warrants that Plaintiff will comply with all the terms of this Settlement Agreement. Should Plaintiff breach any provisions or paragraphs of this Agreement, Defendants shall have all rights, remedies and/or causes of action available at law or in equity. Should Defendants breach any provisions or paragraphs of this Agreement, Plaintiff shall have all rights, remedies and/or causes of action available at law or in equity. It is understood that Defendants shall be entitled to recover, as a part of its costs, any attorneys' fees incurred by it in connection with any pursuit by Plaintiff of any claim, or type of claim, released by this Agreement. Plaintiff acknowledges that any breach of this Agreement shall entitle the Defendants to prevailing party attorneys' fees and costs, damages, and injunctive relief to enjoin the actions of Plaintiff. It is understood that Plaintiff shall be entitled to recover, as a part of their costs, any attorneys' fees incurred by it in connection with any pursuit by Plaintiff of any claim, or type of claim, released by this Agreement. Defendants acknowledge that any breach of this Agreement shall entitle the Plaintiff to prevailing party attorneys' fees and costs, damages, and injunctive relief to enjoin the actions of Defendants.

10. This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding, except that if paragraphs 2, 3, 4 and 6 are found to be unenforceable and the terms of those provisions cannot be resolved satisfactorily by the parties, then at the option of Defendants, this Agreement shall be null and void and Defendants shall be entitled to the return of all sums paid by Defendants hereunder. Plaintiff acknowledges that Plaintiff has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

11. It is further understood and agreed that the total sum of Fifteen Thousand a Dollars ($15,000.00) paid as set forth above, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final release effected thereby. Plaintiff hereby represents and warrants that he has entered into this Settlement Agreement of

{26504951;1}

his own free will and accord and in accordance with Plaintiff's own judgment, and after consultation with Plaintiff's attorneys. Plaintiff hereby states that Plaintiff and Plaintiff's counsel have made a full and independent investigation of all the facts and representations relating to this agreement and release and therefore states that Plaintiff has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set out herein. Plaintiff specifically states that Plaintiff is executing this Agreement knowingly and voluntarily.

12.  Plaintiff acknowledges that Plaintiff has thoroughly read the entire Agreement, and specifically acknowledges the following:

a.  Plaintiff understands the language of the settlement agreement and release, and that any questions Plaintiff may have had during Plaintiff's review of the Agreement were explained to Plaintiff's satisfaction and understanding by retained legal counsel of their choosing;

b.  Plaintiff understands that the waiver and release specifically includes a waiver of Plaintiff's rights and claims arising under the ADEA;

c.  Plaintiff understands that Plaintiff is not waiving any rights or claims that may arise after the date this settlement agreement and release is executed;

d.  Plaintiff's waiver of rights and claims in this Agreement is in exchange for good and valuable consideration in addition to that which Plaintiff may already be entitled;

e.  Plaintiff has been advised to consult, and has consulted or had adequate opportunity to consult, legal counsel of their choosing prior to executing this Agreement;

g.  **Plaintiff has twenty one (21) days to consider this Agreement within which time it cannot be revoked. Plaintiff may sing this Agreement at any time within such consideration period. After signing this Agreement, and delivering it to counsel for Defendants, Plaintiff may revoke his acceptance within seven (7) days by providing written notice of revocation to Defendants in care of their counsel, Scott Edelsberg, Esq., Kopelowitz Ostrow P.A., otherwise this Agreement will become effective on the eighth day following its signature by all of the parties (the "Effective Date"), it being recognized that Defendants have no obligation to make any payment as described in this Agreement until the Agreement becomes effective in accordance with this provision, and the Court's Order approving this Settlement Agreement notwithstanding any language contained herein to the contrary. To be clear, if Plaintiff timely revokes this Agreement, Defendants are not obligated to make any payment pursuant to this Agreement and this Agreement is not effective or binding on either party.**

{26504951;1}

13. The parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiff and Defendants hereby waive any pleas of jurisdiction or venue as not being residents of Miami-Dade County, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Miami-Dade County, Florida.

14. It is further agreed that each party shall bear their, its or his own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the above-entitled suit and in handling the matters covered by this Agreement.

15. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

16. Plaintiff understands and agrees that he would not receive the monies and/or benefits specified above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

17. The parties acknowledge that approval of this Agreement by the Court is a prerequisite to its validity. The parties agree that the Agreement shall not become effective or enforceable until the Court approves the Agreement and enters the Final Judgment of Dismissal. The parties agree that the Court shall retain jurisdiction to enforce the terms of this Agreement for a period of six months.

18. For the purpose of implementing a full and complete Release, each party expressly acknowledges that the Release he/it has given in this Agreement is intended to include in its effect, without limitation, claims that he/it did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

19. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

20. This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

21. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

22. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

23. In the event a payment is not timely received, Plaintiff will provide written notice to Defendants' counsel via email and Defendants will have five (5) calendar days to cure. If Plaintiff has not received payment upon the expiration of this five (5) calendar day period, Plaintiff shall immediately be entitled to a consent judgment against Defendants, for all unpaid portions of the settlement funds for which interest shall accrue on the unpaid portion at the rate of 4.75% annually, as detailed in Florida Statute Section 55.03(1), and an additional Five Thousand Dollars ($5,000.00).

24. The individual executing this Agreement on behalf of the corporate Defendant has all requisite capacity, power and authority to execute and bind Defendant to this Agreement, and to perform all obligations hereunder.

As to Plaintiff:

_____
Plaintiff, Jaime Escarria

As to Defendants:

USA Transporter Services, Inc.

{26504951;1}

_____
Wendy Goldberg, President

_____
Defendant, Jeannette Cardenas

{26504951;1}